SHAW, Justice
(dissenting).
As discussed below, the United States District Court for the Southern District of *1005 Alabama, Northern Division (“the district court”), has certified to this Court a question pursuant to Rule 18, Ala. R.App. P. I dissent from this Court’s decision to decline to answer the question.
The district court explained the facts of this case as follows in its certification to this Court:
“Plaintiff Johnnie Mae Sawyer is the personal representative of the Estate of Arthur Waters, a deceased Alabama prisoner. Defendant James Hood was the Perry County Sheriff during' the time of Waters’ incarceration; Defendants Sylvia Collins and Bobby Sanders were jailers at the Perry County Jail during that period. Waters was convicted of assault and surrendered at 2:00 p.m. on June 20, 2011, to the Perry County Jail. Collins and Sanders were on duly. At surrender, Waters complained that he did not feel well. He was placed in isolation until the next day. At this point, he told the jailers that he felt worse and was in pain. He also complained that he was nauseated, needed to vomit, had diarrhea, a fever, and was having trouble breathing. Waters was given a mat so he could lie on the floor in the general population cell. He soiled himself and the mat with vomit and feces. During this time, he asked for medical attention from the jailers Collins and Sanders. Other inmates also informed Collins and Sanders about Waters’ pain and symptoms and requested medical care for him. He was given one dose of Ibuprofen. Collins and Sanders did not contact Sheriff Hood regarding Waters’ condition. Collins’ and Sanders’ shift ended at 4:00 p.m.
“The jailers on the next shift gave Waters a [pain reliever and a soft drink] and called Sheriff Hood. Hood instructed the jailers to have Waters complete a medical form to see a doctor the next day. The jailer told the Sheriff that Waters was not capable of completing the form, but Hood reiterated his instructions. The jailers called Hood twice more during the next three hours to ask for medical attention [for Waters], but he denied their request. At about 8:00 p.m., a jailer gave Waters [an over-the-counter gastro-intestinal medication] and called Sheriff Hood for the fourth time. Hood denied the request to provide Waters with additional medical attention. At about the same time, other inmates had lifted Waters onto a toilet. Waters began to shake and then died. The cause of death was pneumonia compounded by tuberculosis. (Doc. 37, Doc. 61)
“On January 20, 2012, Plaintiff Johnnie Mae Sawyer filed suit asserting that all of the Defendants, through deliberate indifference, failed to provide medical treatment as required in the Eighth Amendment. Plaintiff has also asserted a claim of Alabama common law negligence against Defendants Collins and Sanders. As to the state law claim, Collins and Sanders assert immunity pursuant to Alabama Code § 14-6-1.”
Alabama Code 1975, § 14-6-1, provides:
“The sheriff has the legal custody and charge of the jail in his or her county and all prisoners committed thereto, except in cases otherwise provided by law. The sheriff may employ persons to carry out his or her duty to operate the jail and supervise the inmates housed therein for whose acts he or she is civilly responsible. Persons so employed by the sheriff shall be acting for and under the direction and supervision of the sheriff and shall be entitled to the same immunities and legal protections granted to the sheriff under the general laws and the Constitution of Alabama of *1006 1901, as long as such persons are acting within the line and scope of their duties and are acting in compliance with the law.”
(Emphasis added.)
The issue presented to the district court is whether Sylvia Collins and Bobby Sanders (“the jailer-defendants”) are immune from Johnnie Mae Sawyer’s state-law claims under this Code section. Specifically, the parties dispute whether the jailer-defendants were “acting in compliance with the law.” The district court noted that the phrase “the law” had not been defined by an Alabama appellate court.
In their briefs to this Court, the parties offer two dramatically different interpretations of the phrase “the law.” The plaintiff, Sawyer, seems to take the position that “the law” includes all statutes, both criminal and civil, and constitutional provisions (such as the Eighth Amendment to the United States Constitution) and any policies or procedures adopted by Sheriff Hood. The jailer-defendants take the narrower view that “the law” refers to criminal laws. Apparently in response to these dramatically differing interpretations, the district court, pursuant to Rule 18, Ala. R.App. P., certified to this Court the following question:
“Alabama Code § 14-6-1 provides that persons, such as jail employees, who act or undertake duties at the direction and supervision of the sheriff are immune from state law claims to the same extent as a Sheriff, ‘as long as he or she is acting within the line and scope of his or her duties and is acting in compliance with the law.’ The first requirement — acting within the line and scope of their duties — is the same requirement for a sheriff to receive immunity. However, there is no requirement that a sheriff act ‘in compliance with the law5 in order to receive immunity. How should this court interpret ‘acting in compliance with the law5 in order to not render the grant of immunity meaningless or the phrase superfluous? Specifically, what ‘law’ is encompassed by the requirement that a jail employee act in compliance with the law?”
Rule 18(a), Ala. R.App. P., states:
“When it shall appear to a court of the United States that there are involved in any proceeding before it questions or propositions of law of this State which are determinative of said cause and that there are no clear controlling precedents in the decisions of the Supreme Court of this State, such federal court may certify such questions or propositions of law of this State to the Supreme Court of Alabama for instructions concerning such questions or propositions of state law, which certified question the Supreme Court of this State, by written opinion, may answer.”
I believe that the question certified is clear, that no other facts are necessary for this Court to answer the question, and that our answer would be determinative of this case.
It seems axiomatic that both criminal statutes and civil statutes, as well as constitutional precepts, are “the law” for purposes of § 14-6-1. It is apparent that the district court seeks to know whether, as Sawyer suggests, policies and procedures for handling sick inmates propounded by a sheriff are, for purposes of § 14-6-1, “law” that must be followed by jailers acting for and under the direction and supervision of the sheriff. The answer to that query has not been decided by an Alabama court, and it is clearly an issue an Alabama court should be the first to decide. To answer this question, this Court does not need to know the content of any policies or procedures Sheriff Hood has issued. And the principles for determining whether any *1007 such policies and procedures have the force of law or legal effect are settled.
In Stewart Title Guaranty Co. v. Shelby Realty Holdings, LLC, 83 So.3d 469 (Ala.2011), this Court declined to answer a question certified by a federal court because the question was not, as required by Rule 18, “determinative of said cause.” Specifically, we were called upon to decide the proper valuation method to be used in calculating damages regarding a certain insurance claim. The question was presented in terms of this Court’s adopting one of two valuation methods discussed by other cases in other states.
We declined to answer the question because the text of the insurance policy, which was not addressed by the certified question or by the parties, appeared possibly to provide its own valuation method. The certifying court, we decided, might ultimately resort to that method instead of any method provided in our answer to the certified question. In other words, it was possible that answering the question as posed would result in this Court’s selecting a valuation method for use in Alabama that might, under the facts of that case, be superseded by the insurance policy and not utilized by the certifying court. Citing the proposition that the question must be determinative of the cause, we held:
“Furthermore, and perhaps more importantly, because the district court might determine that the valuation issue can be properly and fairly resolved by looking to the specific language of the policy, answering the certified question would necessitate our fashioning a broad rule with the possibility that it would have no application to the particular facts presented. That possibility also renders us unable to answer the question. See Palmore v. First Unum, 841 So.2d 233, 235 (Ala.2002) (‘In order for this Court to consider a certified question from a federal court, the question must be, among other things, “determinative of [the underlying] cause.” ’ (quoting Rule 18(a), Ala. R.App. P.)).”
I do not see that this rationale for declining to answer the question is applicable in this case: if this Court were to answer the question, the district court would apply the answer to the question, which could determine the issue before it.
We also declined to answer the question in Stewart Title because, if the insurance policy provided the proper valuation method, we did not need to interpret the policy for the federal court, because
“[cjonstruing an insurance policy treads no new ground under Alabama law, and precedent determinative of such an analysis is well settled. Public Bldg. Auth. of Huntsville v. St. Paul Fire & Marine Ins. Co., 80 So.3d 171, 180 (Ala.2010) (‘[T]he interpretation of a contract does not present a novel legal issue. Rather, the rules of contract construction and interpretation are well established in Alabama....’).”
If an interpretation of the policy would have answered the question in Stewart Title, then there was no “question or proposition of law” that was unclear; instead, all that was required was the application of our clear law on interpreting the text of insurance policies. That is not the situation in the instant matter before us, because the law is not clear: the term “law” as it is used in § 14-6-1 has yet to be defined. We are not called upon to apply law to facts, as we were in Stewart Title. Instead, we are called upon to explain the law. I would answer the question certified.